**Michael CHMIELOSKI, Plaintiff,**

v.

**NEW YORK STATE DEPARTMENT OF ECONOMIC DEVELOPMENT, et al., Defendants.**

**No. 90 Civ. 0841 (VLB).**

United States District Court, S.D. New York.

May 29, 1993.

Arthur H. Grae, Hastings–on–Hudson, NY, for plaintiff.

Toni Logue, Asst. Atty. Gen., Law Dept., New York City, for defendants.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

Defendants have filed objections pursuant to Fed.R.Civ.P. 72(a) and 28 U.S.C. § 636(b)(1)(C) to a memorandum order of United States Magistrate Judge Mark D. Fox dated April 12, 1993 finding defendants liable to plaintiff's counsel for $6,513.30 as a sanction under Fed.R.Civ.P. 37 for improper obstruction of discovery. A judgment based upon Judge Fox's memorandum order was entered on April 20, 1993.

I affirm Judge Fox's decision for the reasons set forth in his memorandum order, which is annexed and made a part of this memorandum order, and for the additional reasons outlined below.

### II

The underlying action was brought against the New York State Department of Economic Development (the "agency") and other defendants under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000-e and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* The case was referred for supervision of discovery to Magistrate Judge Fox.

Exhibit 19 to the Affidavit of Toni E. Logue in support of defendants' objections, sworn to May 10, 1993, sets forth a draft dated April 4, 1989 of Urban Development Corporation committee recommendations relating to trade promotion by the agency, making no reference to reassignment of employees of that agency to upstate locations.

Exhibit 20, dated April 6, 1993, is the final report containing a new section on the first page headed PROGRAM RECOMMENDATIONS of which the first item states:

The Team recommends at least two and up to six International Division staff be assigned to economic development regions of the State outside New York City that have economic potential.

This document was submitted to the New York State Commission on Human Rights in defense of the defendants' reassignment of plaintiff to an upstate location. As set forth in greater detail in Judge Fox's memorandum order, the agency's initial position was that nothing was put on paper relating to the reasons for plaintiff's subsequent reassignment upstate. Judge Fox later ordered "studies" relating to "more personnel at the regional offices" and decentralization of the "whole system" to be produced. Despite this order, Exhibits 19 and 20 were not produced until discovered by plaintiff's counsel during a deposition.[1]

Thereafter, based in part on the need to obtain further information about the background of plaintiff's reassignment, additional depositions were scheduled. State employees were requested to bring papers to the deposition, but defense counsel objected to their being produced to plaintiff's attorney, and withheld the items until objections were made and rejected by telephone. In addition to the prearrangement that the witnesses would bring relevant documents to be shown to plaintiff's counsel, pertinent papers reviewed by and brought by witnesses must be made available to the adversary absent special circumstances. See generally Fed. R.Evid. 612; *James Julian, Inc. v. Raytheon Co.,* 93 F.R.D. 138, 144–46 (D.Del.1982); *Intermedics v. Ventritex,* 139 F.R.D. 384 (N.D.Cal.1991); *Occulto v. Adamar, Inc.,* 125 F.R.D. 611 (D.N.J.1989); *Wright v. Jeep Corp.,* 547 F.Supp. 871, 874 (E.D.Mich.1981); Note, 85 Colum.L.Rev. 812 (1985); see also *San Juan DuPoint Plaza Hotel Fire Litigation,* 859 F.2d 1007 (1st Cir.1988); *In re Multipiece Rim Products Liability Litigation,* 653 F.2d 671 (D.C.Cir.1981).

Although defense counsel had every opportunity to review what the state agency witnesses located or brought with them, the following occurred when the documents were produced by the governmental witness at the deposition:

[DEFENSE COUNSEL]: I am objecting to your getting these documents.

---

1. Plaintiff himself had a copy of these documents but seemingly had lost or forgotten them.

First of all, [the witness] gave them to you; I didn't see them. They weren't part of your request that the Judge okayed.

It is difficult to recapture in cold type the atmosphere of a discovery dispute; each individual incident may appear trivial in isolation but the totality of such incidents may add up to obstruction. This is one reason why the decisions of Magistrate Judges who must supervise contentious discovery disputes are to be disturbed only if clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a).

Particularly disturbing in this case is the treatment of such terms as "studies" in a narrow vein or attempts to limit production to items mentioned specifically even if mentioned by category as authorized by Fed.R.Civ.P. 34(b). See *Murray International, Inc. v. New York Telephone Co.,* 1993 WL 82531 (S.D.N.Y.1993). Unless adequate judicial supervision is exercised when this occurs, the results can block the functioning of the procedural system. See Moore, "Avoidable Delays in the Trial Courts," 18 Yale L.J. 112, 117 (1908).

Because of the complexity of recordkeeping, it is incumbent upon counsel for an institutional entity to act vigorously to collect and produce requested or court ordered documents. Complete success is not required; diligent effort is.

### III

Defense counsel points out correctly that the merits may not be determined in the course of rulings on discovery. For that reason, Judge Fox did not make or purport to make any rulings concerning the merits, but only concerning the relevance or importance of information he found not properly revealed during discovery. Nothing contained in Judge Fox's memorandum order appears intended to constitute law of the case or be binding in connection with any subsequent dispositive motions or trial on the merits.

**2.** It is not clear that natural persons sued in their individual capacities are proper defendants in cases of this kind. See *Miller v. Maxwell's International, Inc.,* 991 F.2d 583 (9th Cir.1993). Individual misbehavior need not be determined separately in order for there to be agency respon-

### IV

There is no indication that the non-institutional defendant in his individual capacity had any role in the discovery matters considered here or in Judge Fox's memorandum order.[2] In affirming Judge Fox's memorandum order and the judgment implementing it, I assume that plaintiff will seek to enforce the judgment, if necessary, only against the institutional defendants. Were the contrary to be undertaken, an application for relief may be submitted to me.

SO ORDERED.

sibility even where those on policymaking levels must have acted improperly. See *Allen v. City of Yonkers,* 803 F.Supp. 679 (S.D.N.Y.1992). Inclusion of unnecessary parties may needlessly add complexity to litigation contrary to the objectives of Fed.R.Civ.P. 1.